COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JAMES L. SWEED,
  
                             Appellant,
  
 v.
  
  
 JAY L. NYE,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00206-CV
  
 Appeal from the
  
 384th District Court
  
 of El Paso County, Texas 
  
 (TC# 98-2528) 
  
 
 


 

O P I N I O N

 

James L. Sweed appealed from a
judgment entered November 21, 2001. 
Motion for new trial was not filed until March 12, 2002.  Notice of appeal, due December 21, 2001, was
not filed until May 13.

On May 13, the Clerk of this Court
informed appellant that his notice of appeal had been filed.  However, appellant was also informed that the
notice was not timely filed.  Notice was
given of our intent to dismiss the appeal for want of jurisdiction unless any
party within ten days could show grounds for continuing the appeal.








On May 28, this Court received a
letter from appellant explaining that his notice of appeal was timely filed
approximately seventy-five days after the motion for new trial was denied by
operation of law.  We do not believe that
this constitutes sufficient grounds for continuing the appeal.

Generally, notice of appeal in civil
cases must be filed within thirty days after the judgment is signed.  Tex.
R. App. P. 26.1.  The notice of
appeal must be filed within ninety days after the judgment is signed if any
party timely files a motion for new trial. 
Tex. R. App. P.
26.1(a)(1).  Failure to perfect an appeal
within the time allotted results in a failure to invoke this Court=s jurisdiction.  See Tex.
R. App. P. 25.1(a), (b).  This
Court, then, has authority to dismiss an appeal for want of jurisdiction.  Tex. R.
App. P. 42.3(a).

Here, appellant=s notice of appeal was not
timely.  Appellant=s motion for new trial was not timely
filed.  Appellant should have filed his
motion for new trial within thirty days after the judgment was signed.  Tex.
R. Civ. P. 329b(a).  However,
appellant filed his motion several months later.  Therefore, notice of appeal should have been
filed within thirty days after the signing of the judgment.  It was not; instead, it was filed several
months later.  Even if appellant had
timely filed his motion for new trial, notice of appeal should have been filed
in February.  Yet, appellant did not file
his notice until May.

 Accordingly, we dismiss this appeal for want
of jurisdiction.

 

                                                                        


SUSAN
LARSEN, Justice

June 20, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)